# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18CV29

| | |
|---|---|
| GEORGIANA SALTER SAULMON, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>) **ORDER**<br>NANCY A. BERRYHILL, )<br>**Acting Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>_____ ) | |

This matter is before the Court on the parties' cross motions for summary judgment (# 12, 14). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, Plaintiff's motion for summary judgment is GRANTED and the Commissioner's motion for summary judgment is DENIED.

## I. Procedural History

On October 23, 2014, Plaintiff protectively filed an application for Supplemental Security Income, alleging disability beginning on December 31, 2011. (Transcript of Administrative Record ("T.") 22.) The Social Security Administration denied Plaintiff's claim initially on February 25, 2015. (T. 22.) The claim was denied upon reconsideration on May 18, 2015. (T. 22.) On May 21, 2015, Plaintiff filed a written request for a hearing. (T. 22.)

On May 13, 2017, a disability hearing was held before an Administrative Law Judge ("ALJ") in Charlotte, North Carolina. (T. 22.) Plaintiff appeared at the hearing and testified. (T. 22.) Lavonne Brent, a vocational expert ("VE"), also appeared at the hearing. (T. 22.) Plaintiff

was represented by C. Jane Johnson, a non-attorney representative. (T. 22.)

The ALJ issued a decision finding that Plaintiff has not been under a disability since October 23, 2014. (T. 22-32.) Plaintiff requested review of the ALJ's decision. (T. 7-9.) The Appeals Council denied Plaintiff's request for review. (T. 7.) On February 7, 2018, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1).

## II.     Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in order: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or medically equal the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. § 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant

is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five by using the testimony of a VE, who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

In his June 6, 2017 decision, the ALJ ultimately found that Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act. (T. 32.) In support of this conclusion, the ALJ

made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since October 23, 2014, the application date (20 C.F.R. § 416.971 et seq.).

(2) The claimant has the following severe impairments: diabetes mellitus, a history of arthroscopic knee surgeries, obesity, major depressive disorder, generalized anxiety disorder, panic attacks, post-traumatic stress disorder, and a history of polysubstance abuse. (20 C.F.R. § 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).[1]

(4) The claimant has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except he can occasionally climb. The claimant can perform simple, routine, repetitive tasks in a stable environment at a nonproduction pace with occasional interpersonal interaction. The claimant will be off-task nine percent of an eight-hour workday.[2]

(5) The claimant is unable to perform any past relevant work (20 C.F.R. § 416.965).[3]

(6) The claimant was born on September 24, 1972, and she was 42 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 C.F.R. § 416.963).

(7) The claimant has a limited education and can communicate in English (20 C.F.R. § 416.964).

(8) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether the claimant has transferable job skills (See Social Security Ruling "SSR" 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(9) Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform (20 C.F.R. §§ 416.969, 416.969(a)).

---

[1] The ALJ specifically looked at Listings 1.02, 12.04, 12.06, and 12.15. (T. 24-25.)
[2] Under the Regulations, a full range of light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). If an individual can do light work, he or she can also do sedentary work, unless there are additional limiting factors, such as loss of fine dexterity or an inability to sit for long periods of time. Id.
[3] The ALJ found that Plaintiff has past relevant work as a certified nurse assistant, housekeeper, and personal care aide. (T. 30.)

(10) The claimant has not been under a disability, as defined in the Social Security Act, since October 23, 2014, the date her application was filed (20 C.F.R. § 416.920(g)).

(T. 22-32.)

IV. **Standard of Review**

Title 42, United States Code, Section 405(g) provides that an individual may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's final decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she was not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. **Discussion**[4]

In Plaintiff's sole assignment of error,[5] she argues that the ALJ erred in his evaluation of

---

[4] This opinion reflects the Code of Federal Regulations as it stood on the relevant date, which is the date of the ALJ's decision: June 6, 2017. See (T. 32.)
[5] Plaintiff presents her case in several related arguments. See Pl.'s Mem. Supp. (# 13). The Court concludes that

5

the opinion evidence offered by treating psychiatrists Anthony Frasca, M.D. and Lauren Korrol, D.O. Pl.'s Mem. Supp. (# 13) at 5-7. Specifically, Plaintiff contends that the ALJ failed to provide "good/specific/supported" reasons for rejecting the psychiatrists' opinions. Id. at 8-17. Plaintiff further contends that she was harmed because the opinions offered by Drs. Frasca and Korrol establish that she is disabled under the Social Security Administration's definition. Id. at 7. Plaintiff concludes that this Court should reverse the Commissioner's final decision with a remand for rehearing and enter judgment under sentence four of 42 U.S.C. § 405(g). Id. at 17.

The relevant Regulations provide as follows with respect to medical opinions:

> Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.

20 C.F.R. § 416.927(a)(1).[6] The Regulations direct that the ALJ must analyze and weigh the evidence of record with the following factors taken into consideration, unless the opinion of the treating source is given "controlling weight": (1) examining relationship, (2) treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) various other factors. Id. § 416.927(c); see Cohen v. Berryhill, 272 F. Supp. 3d 779, 781 (D.S.C. Aug. 23, 2017).

Generally, more weight is given to the opinion of a medical professional who examines a claimant, as opposed to a non-examining source. 20 C.F.R. § 416.927(c)(1); see Patterson v. Colvin, No. 5:12-CV-063-RLV-DCK, 2013 WL 3035792, at *4 (W.D.N.C. June 17, 2013). When a treating source's opinion regarding the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not

---

Plaintiff's arguments boil down to one general argument.

[6] For claims filed before March 27, 2017, the rules in 20 C.F.R. § 416.927 apply. For claims filed on or after March 27, 2017, the rules in 20 C.F.R. § 416.920c apply. In this case, Plaintiff's claim was filed on October 23, 2014. Therefore, § 416.927 applies in this case.

6

inconsistent with the other substantial evidence" it is given "controlling weight." 20 C.F.R. § 416.927(c)(2). An ALJ may conclude that opinion evidence from a treating source is entitled to little weight, but the ALJ is nevertheless required to adequately explain that decision. See Lewis v. Berryhill, 858 F.3d 858, 867 (4th Cir. 2017) (noting that the ALJ must explain why when he fails to give a treating source less than controlling weight); see also Hines v. Barnhart, 453 F.3d 559, 563 n.2 (4th Cir. 2006) ("The treating physician rule is not absolute. An ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contradictory evidence.") (internal quotation marks omitted)).

> SSR 96-2p[7] provides that when
>
> a treating source opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2p, 1996 WL 374188, at *4 (July 2, 1996). SSR 96-2p requires that an ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." Id. at *5.

### A. Dr. Frasca's opinions

In the instant case, with respect to Dr. Frasca, the ALJ found as follows: Dr. Frasca, Plaintiff's primary care physician at Good Samaritan Clinic, completed an April 27, 2016 mental

---

[7] SSR 96-2p has been rescinded for claims filed on or after March 27, 2017. Cohen v. Berryhill, No. 2:16-CV-01238-RMG-MGB, 2017 WL 3638229, at *5 n.6 (D.S.C. July 31, 2017). The claim in the instant case was filed before March 27, 2017; thus SSR 96-2p applies.

impairment questionnaire. (T. 27.) Dr. Frasca noted that Plaintiff had a history of psychological impairments, which had been diagnosed as major depressive disorder, generalized anxiety disorder, and panic attacks. (T. 27.) Dr. Frasca opined that Plaintiff's mental impairments caused functional limitations that were slight to extreme. (T. 27.) Dr. Frasca further opined that Plaintiff would be absent three times a month due to her impairments or treatment. (T. 27.)

When evaluating the weight to give to Dr. Frasca's opinion, the ALJ concluded:

> The undersigned gives some weight to Dr. Fresca's [sic] opinion as reflected in the relevant residual functional capacity assessment findings. (T. 27.) Otherwise, the degree of limitation Dr. Fresca [sic] assessed is inconsistent with his treatment notes summarized above and the other evidence of record.

(T. 27.)

"[T]he ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178. Similarly, "if a physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

Plaintiff argues that the ALJ misidentified Dr. Frasca as her "primary care physician." Pl.'s Mem. Supp. (# 13) at 9. In opposition, Defendant argues that the failure to identify Dr. Frasca as a treating specialist is "irrelevant" because Dr. Frasca's opinion was not supported by his treatment notes. Def.'s Mem. Supp. (# 15) at 8. Defendant further argues that "Plaintiff has not shown that Dr. Frasca was not also his [sic] primary care physician, that the ALJ discounted Dr. Frasca's opinion based on his specialty, or that the ALJ was unaware of Dr. Frasca['s] treatment of Plaintiff[.]" Id.

The Court is not persuaded by Defendant's arguments for several reasons. First, it is not "irrelevant" that Dr. Frasca is a specialist because the opinion of a specialist is entitled to greater weight. See 20 C.F.R. § 416.927(c)(5). Second, a specialist may serve as a person's primary

8

physician, but it goes without saying that a specialist cannot detach from the additional training that warrants them being designated as a specialist. Third, contrary to Defendant's argument, Plaintiff does not bear the burden of establishing that her specialist was not also her primary care physician.

Considering the foregoing, the Court finds that the ALJ erred by referring to and weighing Dr. Frasca's opinions as those of a primary care physician. In this regard, because the ALJ referred to Dr. Frasca as a "primary care physician", the Court assumes that the ALJ weighed his opinion as that provided by a non-specialist.

**B.     Dr. Korrol's opinions**

The ALJ noted that Dr. Korrol opined the following regarding Plaintiff: On October 19, 2016, Plaintiff's medical or psychological condition(s) caused functional limitations related to work and/or attending training. (T. 30.) Plaintiff has three acute anxiety episodes daily and episodes of depression that last up to seven days, which render her unable to engage in activities of daily living. (T. 30.) Plaintiff's condition would limit her capacity to do any work or training for 120 or more days. (T. 30.) Dr. Korrol determined that diabetes and obesity imposed limitations on Plaintiff's physical capacity. (T. 30.)

On March 2, 2017, Plaintiff's impairments resulted in no significant loss to some loss in her ability to understand and carry out instructions, sustain concentration and persistence, and respond appropriately to supervision, coworkers, and usual work situations, but she was still capable of consistently performing it independently, appropriately, and effectively. (T. 30.) Plaintiff's impairments resulted in some loss of ability to adapt to changes in a routine work setting, but she was still capable of consistently performing it independently, appropriately, and effectively. (T. 30.) Finally, the impairment(s) related treatment would result in absences from

9

work two days per month. (T. 30.)

When evaluating the weight to give to Dr. Korrol's opinion, the ALJ concluded:

> The undersigned gives some weight to Dr. Korrol's opinion as reflected in the relevant residual functional capacity findings. Otherwise, Dr. Korrol's opinion is inconsistent with the other evidence of record.

(T. 30.)[8]

Plaintiff argues that the ALJ erred in his discussion of the evidence from Drs. Frasca and Korrol by addressing each opinion in isolation from each other.[9] Pl.'s Mem. Supp. (# 13) at 9. Plaintiff contends that the ALJ's RFC finding is far greater than the two psychiatrists found. Id. In opposition, Defendant argues that the record does not contain treatment notes from Dr. Korrol that establish an ongoing treatment record with Plaintiff. Def.'s Mem. Supp. (# 15) at 8.

Considering the principle set forth in S.E.C. v. Chenery Corp., 318 U.S. 80 (1943), Defendant's argument must fail. Under the "Chenery Doctrine," a court is prohibited from considering post-hoc rationalizations offered in support of administrative agency decisions. Hornal v. Berryhill, No. 7:15-CV-00266-F, 2017 WL 634697, at *3 (E.D.N.C. Feb. 16, 2017).

The Court finds Anderson v. Colvin, No. 1:10CV671, 2014 WL 1224726 (M.D.N.C. Mar. 25, 2014), to be instructive. In Anderson, the court held that pursuant to the Chenery Doctrine, "a reviewing court 'must judge the propriety of [agency] actions solely by grounds invoked by the agency.'" Id. at *1 (quoting Chenery 332 U.S. at 196) (alteration in original). "If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it deems a more adequate or proper basis." Id. (quoting Chenery, 332 U.S. at

---

[8] The Court notes that the ALJ's analysis of Dr. Korrol is essentially identical to his analysis of Dr. Frasca. See (T. 27, 30).

[9] Consistency is one of the factors the ALJ considers when weighing the various medical opinions. See 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole the more weight we will give to that medical opinion."). "[T]he more consistent the opinion is with the record as a whole, the more weight the ALJ will give it." Dunn v. Colvin, 607 F. App'x 264, 268 (4th Cir. 2015).

196).

In the instant case, Defendant is attempting to cure deficiencies in the ALJ's decision by providing an additional basis upon which to discount Dr. Korrel's opinion. Pursuant to the Chenery Doctrine, Defendant's argument must fail.

In this case, with respect to Plaintiff's mental impairments and limitations, the ALJ relied on and gave "significant weight" to the mental residual functional capacity assessments conducted by J. Mayhew Ph.D. and R. Kaspar, Ph.D. (T. 29.) The ALJ's basis for relying on these non-examining evaluations, in its entirety, consists of the following:

> The undersigned gives significant weight to the State agency mental residual functional capacity assessments because they are supported by the evidence of record as a whole that includes new evidence received at the hearing level.

(T. 29.)

The Court recognizes that the Commissioner can rely on opinions from non-treating doctors. See SSR 96-6p, 1996 WL 374180, at *3 (July 2, 1996)[10] ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources."). The Court, however, is not persuaded that this basis for relying on the non-examining evaluations is sufficient to support the ALJ's decision to give <u>two generally consistent specialty physicians</u> only "some weight."

In sum, the ALJ's errors in the evaluation of Drs. Frasca's and Korrol's opinions cannot be said to be harmless under the circumstances. See Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest

---

[10] SSR 96-6p was rescinded for claims filed after March 27, 2017. See King v. Berryhill, No. 7:17CV149-RJ, 2018 WL 3655906, at *3 (E.D.N.C. Aug. 2, 2018).

of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). Consequently, remand is warranted.

## VI. Conclusion

Considering the foregoing, Plaintiff's motion for summary judgment (# 12) is GRANTED, and the Commissioner's motion for summary judgment (# 14) is DENIED. This case is to be remanded for further proceedings.[11]

Signed: August 30, 2018

Dennis L. Howell
United States Magistrate Judge

---

[11] This case is being remanded under sentence four of 42 U.S.C. § 405(g). "A sentence four remand is appropriate when the Commissioner's decision is not supported by substantial evidence, the Commissioner incorrectly applies the law in reaching the decision, or the basis of the Commissioner's decision is indiscernible." Sharpe v. Berryhill, No. 5:16-CV-3841, 2017 WL 1684531, at *10 (S.D. W.Va. Apr. 10, 2017).